UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAGNO ALVES BARBOSA,

Petitioner,

Case No. 2:26-cv-2357-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.
_______________________________/

# **ORDER**

Petitioner Magno Alves Barbosa has been provided with a bond hearing under 8 U.S.C. § 1226(a).[1] He now asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 4.)

Here is the unavoidable problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Barbosa's petition is an invitation for this Court to reweigh the facts from the bond hearing and reach a different result. He claims the immigration judge denied bond based on incorrect information. (Doc. 1 at 7.) But that is exactly the kind of factual second-guessing § 1226(e) prohibits. This Court cannot substitute its own assessment of the information presented to the immigration judge. Our job is to ensure that Barbosa received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a motion to enforce here. *See, e.g., Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Barbosa's remaining claims—family hardship and lack of access to legal resources and effective assistance—do not constitute grounds for habeas relief. He understandably wishes to be released to help his family. But he offers no legal argument for *why* his ongoing detention crosses the line from a

routine, statutorily mandated holding period into a constitutional violation. He does not allege that the government is dragging its feet, that his proceedings are stalled indefinitely, or that his detention has become punitive rather than administrative. In fact, Barbosa has received a bond hearing, which this Court lacks jurisdiction to overturn. *See* 8 U.S.C. § 1226(e).

Because Barbosa has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on September 9, 2026.

Kyle C. Dudek
United States District Judge